UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM DOUGLAS BROEKER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 14-cv-05186 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. No. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. No. 4). This matter has been fully briefed (*see* Dkt. Nos. 11, 12, 13).

After considering and reviewing the record, the Court finds that the ALJ's assessment of the medical opinion of consultative examining psychologist Kathleen S.

Mayers, PhD, was free of legal error, and supported by substantial evidence in the record. The ALJ's conclusion that Dr. Mayers did not opine limitations consistent with a finding of disability under the Act was a conclusion that is supported by substantial evidence in the record.

## BACKGROUND

Plaintiff, WILLIAM DOUGLAS BROEKER, was born in 1975, and was 31 years old on the alleged disability onset date of February 15, 2007 (*see* Tr. 186-187).  Plaintiff graduated from high school, attending special education classes since grade school (Tr. 34).  Plaintiff has work experience as an insulation installer, fast food worker, and plumber's assistant (Tr. 39-41).  He last worked as a plumber's assistant (Tr. 38).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disk disease, epidural fibrosis, ankle arthritis, insomnia, depressive disorder, anxiety disorder, learning disorder by history, alcohol abuse in partial remission and pain disorder (20 CFR 404.1520(c))" (Tr. 12).

At the time of the hearing, plaintiff was living on acreage in a home with his three children (Tr. 32-34).  His mother and stepfather also lived on the acreage in a different home (*id.*).

## PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II), and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act, which were denied initially and following reconsideration (*see* Tr. 100-02, 106-10, 186-93).  Plaintiff's requested

1  hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on May 4,
2  2012 (*see* Tr. 28-68). On June 21, 2012, the ALJ issued a written decision in which the
3  ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.
4  7-27).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or
not the ALJ erred by failing to incorporate the medical opinions of Kathleen S. Mayers,
Ph.D., in to the residual functional capacity ("RFC") assessment; and (2) Whether or not
the ALJ's errors were harmless (*see* Dkt. No. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
denial of social security benefits if the ALJ's findings are based on legal error or not
supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d
1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.
1999)).

## DISCUSSION

Plaintiff argues that the ALJ improperly rejected the functional limitations opined
by consultative examining psychologist Kathleen S. Mayers, PhD. Dkt. No. 11, pp. 2-3.
Specifically, plaintiff argues that the ALJ erred by failing to incorporate Dr. Mayers'
opinion that she was unsure whether or not plaintiff would be able to maintain attention
and concentration during a normal eight-hour work day into the RFC finding (Tr. 512).
Plaintiff also argues that the ALJ erred by failing to adopt Dr. Mayers' opinion that the
"[mental status examination ("MSE")] indicates that [plaintiff] is sometimes, but not

consistently capable of understanding, remembering and carrying out three-stage instructions (Tr. 511)". The ALJ gave no reason to reject Dr. Mayers' opinions. Instead, the ALJ afforded significant weight to Dr. Mayers' assessment of plaintiff's limitations because it was supported by the longitudinal medical record, MSE, and plaintiff's reported activities (*see* Tr. 19).

Defendant argues that the ALJ did not include Dr. Mayers' opinion regarding plaintiff's ability to maintain attention and concentration during a normal work day in the RFC finding because this aspect of Dr. Mayers' opinion is equivocal. Defendant further argues that the ALJ appropriately accounted for the results of the MSE by limiting plaintiff to unskilled work, with simple repetitive tasks because Dr. Mayers concluded that plaintiff's poor performance on the MSE suggested the possibility of less than optimal effort and symptom exaggeration (Tr. 511-12). This Court agrees.

The ALJ reasonably omitted from the RFC finding Dr. Mayers' opinion regarding plaintiff's ability to maintain attention and concentration during a work day, because this opinion was ambivalent, and, therefore, of limited probative value (Tr. 17-19, 512). With regard to plaintiff's ability to understand, remember, and carryout three-stage instructions, as noted by defendant, an ALJ's findings need only be consistent with a doctor's opined limitations, not identical to them. *See Turner v. Comm'r of the Soc. Sec. Admin.,* 613 F.3d 1217, 1223 (9th Cir. 2010).

Here, as in *Turner*, it is not clear from the record that Dr. Mayers actually concluded plaintiff had limitations consistent with a finding of disability (*see* Tr. 511-12). *See id.* at 1222-23 (observing that it was not clear that the treating physician concluded

Turner had limitations consistent with a finding of disability, and noting that Turner had been able to "'maintain himself without severe problems with his [mental impairment] by isolating himself from society and living out in the county'").  This is because portions of Dr. Mayers' opinion were equivocal, and because Dr. Mayers qualified her assessment with the conclusion that plaintiff may have exaggerated his symptoms (*see* Tr. 511-12).

Although Dr. Mayers noted that the results of the MSE indicated plaintiff was "sometimes, but not consistently capable of understanding, remembering, carrying out three-stage instructions", Dr. Mayers also explained that the "[f]act that on two occasions, [plaintiff] could recall only one of three simple directions just provided to him seems unusual and suggests the possibility of less than optimal efforts, which is of great concern.  Symptom exaggeration is possible (Tr. 512)."  In doing so, Dr. Mayers expressed doubt regarding the validity of the MSE results (Tr. 511-12).

As such, the ALJ's conclusion that Dr. Mayers' assessment of plaintiff's functioning did not include limitations consistent with a finding of disability is a logical inference.  *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972))( An ALJ may "draw inferences logically flowing from the evidence"). The ALJ was not required to offer any reason to reject Dr. Mayers' medical opinion because the ALJ did not reject Dr. Mayers' conclusions.  *See Turner,* 613 F.3d at 1223.

For these reasons, the Court finds that the ALJ's determination that plaintiff was not disabled under the Act is free of legal error, and supported by substantial evidence in the record.  *See Bayliss*, 427 F.3d at 1214 n.1.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Dated this 20th day of August, 2014.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge